IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
SEP -9 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| KENNETH NEWKIRK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:12CV410–HEH |
| ) | |
| LOUIS LERNER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). In his current complaint, Plaintiff does not identify the particular constitutional right that was violated by the defendants' conduct. Accordingly, by Memorandum Order entered on May 20, 2013, the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than fourteen (14) days have elapsed since the entry of the May 20, 2013 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise

respond to the May 20, 2013 Memorandum Order. Accordingly, the action will be dismissed without prejudice.[1]

An appropriate order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept. 9, 2013
Richmond, Virginia

---

[1] The Court notes that Plaintiff appealed the Court's May 20, 2013 Memorandum Order to the United States Court of Appeals for the Fourth Circuit, and the Court dismissed the appeal on September 4, 2013. (See ECF No. 45.) To the extent Plaintiff intends to appeal the Magistrate's Memorandum Order to the District Court, his appeal is DENIED. See Fed. R. Civ. P. 72(a).